IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**THOMAS M. TULLY,**

    Plaintiff,

v.                                                                                    Civil Action No. **3:14CV202**

**SUPREME COURT OF VIRGINIA,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Thomas M. Tully, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### A. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Summary of Allegations**

Tully was convicted in the Circuit Court for Frederick County ("Circuit Court") of breaking and entering with intent to commit assault and battery, malicious wounding, misdemeanor assault and battery, and two counts of maliciously causing bodily injury by caustic substance. *See Tully v. Johnson*, No. 3:10CV299, 2011 WL 744644, at *1 (E.D. Va. Feb. 23, 2011). In his terse Complaint, Tully alleges that the Supreme Court of Virginia, Chief Justice of the Supreme Court of Virginia Cynthia D. Kinser, the Court of Appeals of Virginia, Chief Justice of the Court of Appeals of Virginia Walter S. Felton, Jr., United States District Court Judge James R. Spencer, Virginia Attorney General Mark Herring, Assistant Attorney General Donald E. Jeffrey, III, Commonwealth's Attorney Ross. P. Spicer, Assistant Commonwealth's Attorney Mark H. Abrams, and the Clerk of the Court for Frederick County, Rebecca P. Hogan, "refus[ed] to allow Tully the use of both state and federal statutory procedures . . . to obtain reversal of his

convictions and/or to obtain a pardon or reduction of his sentence" thereby violating his due process rights.[2] (Compl. ¶ 27.)

Tully demands declaratory and injunctive relief, and a "jury trial on all issues triable by jury." (Compl. 5.) As explained below, Tully's Complaint will be dismissed as frivolous.

C. Analysis

1. Persons Not Amenable to Suit Under § 1983

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Defendants Supreme Court of Virginia and Court of Appeals of Virginia are not persons under § 1983 and are not amenable to suit.

2. No Personal Involvement

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted *personally* in the deprivation of the plaintiff[']s rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

4

Tully fails to state a claim against Defendants Kinser, Felton, Herring, Jeffrey, and Hogan. Tully merely describes each Defendant's title and fails to allege any facts suggesting that Defendants Kinser, Felton, Herring, Jeffrey, or Hogan had any direct involvement or personal responsibility in the deprivation of his constitutional rights. For that reason alone, Tully's claim against Defendants Kinser, Felton, Herring, Jeffrey, and Hogan will be DISMISSED AS FRIVOLOUS.

### 3. Tully's Claim is Barred by *Heck*

Tully argues, in sum, that Defendants "refus[ed] to allow Tully the use of both state and federal statutory procedures . . . to obtain reversal of his convictions and/or to obtain a pardon or reduction of his sentence." (Compl. ¶ 27.) Tully seeks a declaration "that the acts and omissions described herein violated Plaintiff's rights," an "injunction ordering all Defendants . . . to stop denying Plaintiff his rights to use both state and federal statutory procedures to present his matters to the courts," a declaration that the statutes are unconstitutional," and a "jury trial on all issues triable by jury . . . ." (*Id.* at 5.)

While not well-articulated, Tully clearly seeks the invalidation or vacation of his criminal conviction and sentence. The notion that Tully may seek, through a civil suit, the vacation or alteration of his criminal convictions and sentence, "is legally frivolous in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. In *Heck*,

the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Tully requests a jury trial "on triable issues," and a declaration that unidentified statutes that have prevented Tully from "obtain[ing] reversal of his convictions and/or pardon or reduction of his sentence" are unconstitutional. Tully does not articulate, and the Court does not

discern, how he could both prevail on such claims and not simultaneously invalidate the fact of his confinement. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 479, 481, 490 (concluding alleged due process violations barred in § 1983); *see also Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (holding that when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release from [custody], his sole federal remedy is the writ of habeas corpus").

Because success on his claims necessarily implies invalid confinement, under the second prong of the *Heck* analysis, Tully must demonstrate a successful challenge to his current conviction. *Heck*, 512 U.S. at 487. Tully makes no allegation that the state court has invalidated his current convictions or sentence. *Id.* at 486–87. Thus, *Heck* also bars Tully's claims.

### 4. Tully Fails to State a Claim

To the extent Tully asks for relief not barred by *Heck*, he fails to state a claim for relief against the remaining Defendants. Tully vaguely states that Defendants Spicer and Abrams "opposed the motions" that "Tully filed . . . for DNA testing of untested biological evidence." (Compl. ¶ 18.) Tully also ostensibly faults each judge or justice and the clerk involved in his criminal and related civil proceedings for decisions unfavorable to Tully. For example, he faults Defendant Spencer for "den[ying] the petition for writ of habeas corpus" and Defendant Wetsel for denying his "motions to vacate the criminal judgment." (Compl. ¶¶ 21, 23.) Tully wholly fails to allege facts indicating that Defendants, by mere involvement in his criminal and civil proceedings, violated his constitutional rights.

### C. Conclusion

Accordingly, Tully's claims and the action will be DISMISSED. Tully's Motion for an Order Granting Taking of Depositions (ECF No. 29) will be DENIED. Tully's Motion for Order

Granting a Hearing (ECF No. 36) will be DENIED. Tully's Motion for Order Granting Issuance of an Injunction (ECF No. 37) will be DENIED. Tully's Motion for an Order Granting Admittance of Facts (ECF No. 38) will be DENIED. Tully's Declaration for Entry of Default (ECF No. 39) will be DENIED.

The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g). The Court notes that Tully now has had at least three civil actions or appeals dismissed as frivolous. *See Tully v. Hildebrand*, No. 7:07cv283, 2007 WL 1726437, at *1 (W. D. Va. June 12, 2007) (citing *Tully v. Brehm*, No. 7:99–cv–00025 (W.D. Va. 1999); *Tully v. Long*, No. 7:07–cv–00165, 2007 WL 1112696, *1–2 (W.D. Va. Apr. 12, 2007); *Tully v. Spicer*, 7:07–cv–0188, 2007 WL 1189607, at *1–2 (W.D. Va. Apr. 19, 2007)[3]). Thus, the Court finds that Tully has at least three "strikes" within the meaning of § 1915(g). Accordingly, before the Court will consider any future civil action from Tully, he must prepay the $400.00 filing fee or demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 4/15/15
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[3] The Court notes that the United States District Court for the Western District of Virginia dismissed this case without prejudice for failure to state a claim. Thus, this case appears to not qualify as a "strike."

8