IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**THOMAS M. TULLY,**

      Plaintiff,

v.                                                    Civil Action No. **3:14CV202**

**SUPREME COURT OF VIRGINIA,** *et al.*,

      Defendants.

### MEMORANDUM OPINION

By Memorandum Opinion and Order entered on April 15, 2015, the Court dismissed Thomas M. Tully's 42 U.S.C. § 1983 action. On May 4, 2015, the Court received from Tully a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). ("Rule 59(e) Motion," ECF No. 42). For the reasons stated below, the Rule 59(e) Motion will be DENIED.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Tully's mere disagreement with the Court's ruling fails to warrant Rule 59(e) relief, and he may not use Rule 59(e) to rehash arguments previously presented or to submit evidence that should have been previously submitted. *Id.* at 1082.

Tully claims that he "now addresses" the Memorandum Opinion dismissing his case "so that the court will reconsider granting relief." (Rule 59(e) Mot. 1.) Tully then provides a lengthy narrative of his criminal and related civil proceedings in state court detailing how each defendant somehow wronged him. Instead of providing argument to support a Rule 59(e) motion, Tully expands upon his arguments in his Complaint and attempts to bring four new legal claims that he did not raise previously. Tully also provides vague arguments protesting the Court's conclusion that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars his claim.[1] Tully fails to demonstrate a clear error of law or any other ground for Rule 59(e) relief. Moreover, it is clear that Tully's claims remain legally frivolous. Accordingly, Tully's Rule 59(e) Motion will be DENIED.

On July 6, 2015, Tully also filed a Motion to Amend his Rule 59(e) Motion. ("First Motion to Amend," ECF No. 46.) In the First Motion to Amend, Tully attempts to add new argument to a claim he raised in his § 1983 action that certain Defendants "denied [Tully] equal access to the courts and equal protection of the law." (First Mot. Amend 1.) Tully provides no argument detailing why the Court should grant his First Motion to Amend or a Rule 59(e) Motion. Because Tully merely rehashes his claim that was previously dismissed, the First Motion to Amend (ECF No. 46) will DENIED AS FUTILE.

On September 4, 2015, the Court received yet another Motion to Amend his Rule 59(e) Motion wherein Tully seeks to add two new defendants and new claims to the action. ("Second Motion to Amend," ECF No. 50.) Once again, Tully provides no argument explaining why the

---

[1] Tully argues that his claims should not be barred by *Heck* because "[i]n no event will a judgment (from this court) that simply orders state courts to allow Tully to present his claims to the court 'necessarily impl[y] the unlawfulness of the State's custody.' The state court itself would have to make that determination after a full review on the merits of the claims presented." (Rule 59(e) Mot. 14 (alteration in original).) Reviewing his Complaint and the expanded claims in his Rule 59(e) Motion, Tully clearly demonstrates his intention to "obtain reversal of his convictions and/or to pardon or reduction of his sentence." (Compl. ¶ 27.) Tully demonstrates no error of law in the Court's dismissal of his claims.

Court should grant the Second Motion to Amend or the Rule 59(e) Motion.  Tully's Second

Motion to Amend (ECF No. 50) will be DENIED AS FUTILE.  Tully's Motion for an Order of

Response from Defendants (ECF No. 49) will be DENIED.  A certificate of appealability will be

DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 10/2/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge